O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD STRONG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. CV 12-03399 JGB (VBKx)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 27) WITHOUT LEAVE TO AMEND; AND (2) VACATING JANUARY 28, 2013 HEARING**<br><br>**[Motion filed on December 27, 2012]** |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. The Court has considered the papers timely filed in support of and in opposition to the Motion to Dismiss. The Court finds that Defendants' Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15.

# I. BACKGROUND

## A. Factual Background

On December 26, 2012, Plaintiff Howard Strong filed his Second Amended Complaint ("SAC") against Defendants County of Los Angeles, Los Angeles County Office of the Assessor, Los Angeles County Assessment Appeals Board, and John R. Noguez in his official capacity as the Los Angeles County Assessor alleging "violation of civil rights" under 42 U.S.C. section 1983. (SAC at 1 (Doc. No. 28).)

Plaintiff alleges that his "timely claim to transfer the tax basis of his previous dwelling . . . to his replacement dwelling . . . was denied by the Defendant Assessor with no lawful basis." (Id. ¶ 9.) He further claims that an employee of the Office of the Assessor, Leticia Newburn, "stated to Plaintiff Strong that he had become a 'trouble-maker' with his repeated requests [to transfer his tax basis]" and indicated to Mr. Strong that she would "reassess the property to encourage Plaintiff Strong to stop irritating her." (Id. ¶ 15.) The Office of the Assessor then reassessed the value of Plaintiff's property from $357,804 to $635,000. (Id. ¶ 60.) In November 2009, Plaintiff received a telephone call from an employee of the Office of the Assessor stating that

his property value was again reassessed and was now valued at approximately $350,000. (Id. ¶ 17.) Plaintiff claims that at his appeals hearing he "was privy to further evidence that the reassessment was retaliatory" and that the Assessor was attempting to conceal this retaliation. (Id. ¶ 21.)

Plaintiff claims that Defendants' actions violated the Fifth Amendment and caused Mr. Strong to suffer "general damages . . . estimated to be over $100,000." (Id. ¶ 29.) Plaintiff further asserts that he is entitled to "injunctive and equitable relief" and requests a "preliminary and permanent injunction." (Id. ¶¶ 32-33.) Plaintiff also seeks punitive damages. (Id. at 8.)

**B.    Procedural Background**

Plaintiff filed his original Complaint on April 19, 2012. (Doc. No. 1.) Defendants filed their first Motion to Dismiss on August 22, 2012 (Doc. No. 11), which the Court (Fitzgerald, J.) granted as unopposed on September 18, 2012 (Doc. No. 13). Along with its Order dismissing Plaintiff's Complaint with leave to amend, the Court issued an Order to Show Cause ("OSC") why the action should not be dismissed with prejudice. Plaintiff timely

responded and the Court discharged the OSC on October 16, 2012. (Doc. No. 16.)

Plaintiff filed his First Amended Complaint ("FAC") on November 2, 2012. (Doc. No. 19.) On November 13, 2012, Defendants filed their second Motion to Dismiss. (Doc. No. 20.) The Court (Fitzgerald, J.) granted the Motion to Dismiss with leave to amend on December 11, 2012. (Doc. No. 24.) Plaintiff filed his Second Amended Complaint ("SAC") on December 26, 2012. (Doc. No. 28.) The following day, December 27, 2012, Defendants filed the Motion to Dismiss presently before the Court ("Motion"). (Doc. No. 27.) Plaintiff opposed the Motion on January 7, 2013 (Doc. No. 30), and Defendants filed their Reply on January 11, 2013 (Doc. No. 32).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1), 12(h)(3). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). A complaint will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction if (1) the cause does not "arise

under" any federal law or the United States Constitution; (2) there is no "case or controversy" within the meaning of that constitutional term; or (3) the cause is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either: (1) attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or (2) attack the existence of the subject matter jurisdiction in fact. Thorhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the existence of subject matter jurisdiction in fact. Thorhill, 594 F.2d at 733. Where, as here, a motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Warren, 328 F.3d at 1139 (9th Cir. 2003).

**B.  Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v.Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In addition, the Court must accept all material allegations in the complaint - as well as any reasonable inferences to be drawn from them - as true. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief

above the speculative level." Id. at 545. "[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

Recently, the Ninth Circuit clarified that a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to

the expense of discovery and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court also may consider exhibits submitted with the complaint, <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988). Further, "if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed." <u>Ovando v. City of Los Angeles</u>, 92 F. Supp. 2d 1011, 1016-17 (C.D. Cal. 2000) (citing <u>Haddock v. Bd. of Dental Examiners</u>, 777 F.2d 462, 464 (9th Cir. 1985).

If a court concludes dismissal is appropriate, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)). Leave to amend should only be denied on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment. <u>Royal Ins.</u>

1 | Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016 (9th Cir.
2 | 1999).

### III. DISCUSSION

On December 11, 2012, the Court issued its Order Granting Defendants' Motion to Dismiss ("December 11 Order"), finding that Plaintiff's FAC "seems to be a property assessment issue that Strong simply has labeled as 'retaliation.'" (December 11 Order at 3.) The Court granted Strong leave to amend with the following conditions:

> Strong shall file his Second Amended Complaint . . . not later than 14 days from this order. The Court does not intend to provide Strong with limitless opportunities to state a claim. If the SAC is dismissed, it will be without leave to amend. . . . The Court does not reach Defendants' argument that the [First Amended Complaint] was untimely filed. Instead, Strong again is forewarned that filing the SAC late – even by one day – may result in dismissal of this action with prejudice.

(Id.)

**A. Timeliness of Plaintiff's SAC**

The Court ordered Plaintiff to file his SAC within 14 days of December 11, 2012. (Id.) Plaintiff did not properly file his SAC until December 26, 2012, after the Court's deadline.

9

## B.  Rule 12(b)(1)

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). To comply with that requirement, litigants must demonstrate a "personal stake" in the suit. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). A plaintiff has a personal stake in the suit when "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

Plaintiff fails to allege any "actual injury" as required for standing under 42 U.S.C. § 1983. See Memphis Comm. Sch. Dist., et al. v. Stachura, 477 U.S. 299 (1986). Section 1983 provides for damages "designed 'to *compensate injuries* caused by the constitutional deprivation'" Id. at 309 (quoting Carey v. Piphus, 435 U.S. 247, 265 (1978) (emphasis in original). Plaintiff

alleges no injuries for which compensation could be provided. He asserts no damages resulting from the alleged Fifth Amendment violation. In fact, the only result of the alleged retaliation appears to be the three-month delay between the time Plaintiff's property was incorrectly assessed and the time it was reassessed to a value below the original $357,804. (SAC ¶¶ 16-17.) Thus, Plaintiff fails to show standing to bring a section 1983 claim for compensatory damages.

Likewise, Plaintiff fails to show that he has standing to seek injunctive relief. Where a plaintiff seeks injunctive relief, the plaintiff also must show a significant possibility of future harm; it is insufficient to demonstrate only a past injury. See San Diego County Gun Rights Committee v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996). Here, Plaintiff can neither show a past injury or any likelihood of future harm.

**C. Rule 12(b)(6)**

Plaintiff alleges his Fifth Amendment claim pursuant to 42 U.S.C. § 1983, which provides a mechanism for individuals to seek a remedy when they are deprived of their federal constitutional and statutory rights by persons acting under color of state law. Thus, to state a claim under section 1983, Plaintiff must allege that

(1) Defendants' conduct was committed under the color of state law and (2) the alleged conduct deprived Plaintiff of his federally protected rights. See Daniels v. Williams, 474 U.S. 327 (1986); Monroe v. Pape, 365 U.S. 167 (1961), overruled on other grounds Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978). Here, Defendants' alleged conduct was clearly committed under the color of state law. Defendants argue, however, that Plaintiff cannot allege that Defendants' conduct deprived them of any cognizable constitutional right.

Section 1983 allows for damages against a municipality in a limited number of circumstances. See Monell, 436 U.S. 658. For a number of reasons, Plaintiff fails to plead facts sufficient to state a claim for municipal liability. First, Plaintiff requests punitive damages, which cannot be sought against a municipality. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). Second, Plaintiff fails to allege any claims against a state official with final policymaking authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 (1988) (internal quotation marks omitted) ("[O]nly those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability."). Similarly, Plaintiff's only specific allegation is against Leticia Newburn, who is not named as a Defendant in Plaintiff's

SAC. Had Plaintiff intended to allege supervisory liability, he must have alleged facts showing that the supervisor violated the same standard of liability as the subordinate. See <u>Iqbal</u>, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Finally, Plaintiff does not allege, as required to state a claim, that any policy or custom of unconstitutional conduct exists or that such a custom or policy was the moving force behind the alleged violations. See <u>Bd. of County Com'rs of Bryan Cnty., Okl. v. Brown</u>, 520 U.S. 397, 397(1997) (emphasis in original) (holding that a section 1983 plaintiff "must identify a municipal 'policy' or 'custom' that caused the injury" and "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged").

Therefore, because Plaintiff failed to timely file his SAC in compliance with the Court's December 11 Order, failed to allege the actual injury necessary to invoke the Court's jurisdiction under Rule 12(b)(1), and failed to plead facts sufficient to state a claim under Rule 12(b)(6), the Court dismisses Plaintiff's SAC.

**D.  Leave to Amend**

Having dismissed these claims, the Court next considers whether to grant Plaintiff leave to amend. See Schreiber Distrib. Co. v. ServWell Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 2004). Rule 15 provides that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment – leave sought should be "freely given." Foman v. Davis, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment. Id.

Plaintiff in his third pleading has failed to cure the many deficiencies identified in his original complaint and FAC. In the Court's December 11 Order, it made clear that it "does not intend to provide Strong with limitless opportunities to state a claim" and that

1  "[i]f the SAC is dismissed, it will be without leave to
2  amend."  The Court finds that any amendment by Plaintiff
3  would be futile and thus grants Defendants' Motion to
4  Dismiss without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss WITHOUT LEAVE TO AMEND.

Dated: January 23, 2013

_____
JESUS G. BERNAL
United States District Judge